CLARK, J.
In this direct criminal appeal, the appellant challenges the trial court’s denial of *549 the appellant’s motion to withdraw his guilty plea. The motion was made before sentencing, and is thus governed by Florida Rule of Criminal Procedure 3.170(f) which provides that before sentencing the court “may in its discretion, and shall on good cause,” permit a plea to be withdrawn. The appellant contends that the circumstances of this case present both an abuse of discretion and good cause, based on the appellant’s claim of innocence and assertion that he pled because he feared the severity of the sentence which might be imposed if he were to be convicted at trial. However, in both the written plea form and the court’s pre-plea colloquy, the appellant was apprised of the consequences of his plea and the rights he was waiving. Furthermore, after considering the appellant’s testimony and argument of counsel at a hearing on the motion to withdraw the plea, the court found that the appellant failed to show that his plea was anything other than free and voluntary.
As the supreme court indicated in Tanzi v. State, 964 So.2d 106 (Fla.2007), the trial court is in the best position to make factual determinations regarding the entry of the plea. It was the appellant’s burden to prove that his plea was not voluntary, see Robinson v. State, 761 So.2d 269 (Fla.1999), and the record in this case supports a conclusion that the appellant made an informed strategic decision in deciding to plead. See also Tanzi, supra. In these circumstances the trial court was not required to grant the appellant’s later motion to withdraw his plea, and the appellant has not shown any abuse of the trial court’s discretion.
AFFIRMED.
DAVIS and WETHERELL, JJ„ concur.